1
2
3
4          **UNITED STATES DISTRICT COURT**
5             **DISTRICT OF NEVADA**
6
7   ANDY RUSSO,                          )
8                  Plaintiff,            )      Case No.  2:11-cv-00284-PMP-GWF
                                          )
9   vs.                                   )      **PROTECTIVE ORDER**
                                          )      **GOVERNING CONFIDENTIALITY**
10  JOSEPH LOPEZ,                         )      **OF DOCUMENTS**
                                          )
11                 Defendant.            )
12  _____  )
13          The parties submitted a Stipulation Protective Order (#50) which the Court reviewed and
14  entered.  This order modifies the parties' stipulated protective order with respect to any documents
15  filed or submitted with any dispositive motions filed in this case, and with respect to any documents
16  the parties seek to maintain as confidential for purposes of identification in the joint pretrial order.
17          The Court has approved the parties' blanket protective order to facilitate the parties'
18  discovery exchanges.  However, the parties have not made an individualized showing that a
19  protective order is necessary to protect their secret or other confidential information or established
20  that disclosure would cause an identifiable, significant harm.  The Ninth Circuit has recently
21  examined the presumption of public access to judicial files and records and held that parties seeking
22  to maintain the secrecy of documents attached to dispositive motions must show compelling reasons
23  sufficient to overcome the presumption of public access.  *See*, *Kamakana v. City and County of*
24  *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Accordingly, the Court has approved the parties'
25  stipulation but will require that any party seeking to seal attachments to a motion for summary
26  judgment or other dispositive motion or documents identified in the joint pretrial order shall be
27  required to seek further leave of Court.
28  . . .

## A.     Protective Orders

Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought.  The burden of persuasion under Fed. R. Civ. P. 26(c)  is on the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought.  *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id., citing Cipollone v. Liggett*.  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003), *citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In *Seattle Times Co. v. Rhinehart*, the Supreme Court interpreted the language of Fed. R. Civ. P. 26(c) conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  467 U.S. 20, 36 (1984).  The Supreme Court acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*  Although the trial court has broad discretion in fashioning protective orders, the Supreme Court has also recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).  However, the common law right to inspect and copy judicial records is not absolute. *Id.*  Thus, the Supreme Court concluded, "[e]very court has supervisory power of its own records and files, and access has been denied where the court files might have become a vehicle for improper purposes." *Id.*

## B.     The Presumption of Public Access

Unless court records are of the type "traditionally kept secret" the Ninth Circuit recognizes a

2

"strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Grand jury transcripts and warrant materials involved in pre-indictment investigations are two categories of documents and records which have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).  Although the federal common law right of access exists, it "does not mandate disclosure in all cases."  *San Jose Mercury News, Inc.*, 187 F.3d at 1102.  The strong presumption in favor of public access recognized by the Ninth Circuit "can be overcome by sufficiently important countervailing interests."  *Id.*

### 1.   Pretrial Discovery

In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded, "[g]enerally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11.  Or, as the Ninth Circuit articulated the standard in *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2) disclosure would cause an identifiable, significant harm." *Foltz* at 1131, quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

### 2.   Sealed Discovery Documents

In *Phillips*, the Ninth Circuit carved out an exception to the presumption of public access, holding that the presumption does not apply to materials filed with the court under seal subject to a valid protective order.  307 F.3d at 1213.  The *Phillips* decision relied on the *Seattle Times* decision

1    in concluding that protective orders restricting disclosure of discovery materials which are not

2    admitted in evidence do not violate the public right of access to traditionally public sources of

3    information. *Id.* at 1213 (*quoting, Seattle Times,* 467 U.S. at 33.  The Ninth Circuit reasoned that

4    the presumption of public access was rebutted because a district court had already determined that

5    good cause existed to protect the information from public disclosure by balancing the need for

6    discovery against the need for confidentiality in issuing the protective order. *Id.*  Therefore, "when a

7    party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of

8    the public's right of access is rebutted."

9                        **3.    Materials Attached to Dispositive Motions**

10          The Ninth Circuit recently and comprehensively examined the presumption of public access

11   to judicial files and records in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir.

12   2006).  There, the court recognized that different interests are at stake in preserving the secrecy of

13   materials produced during discovery and materials attached to dispositive motions.  Citing *Phillips*

14   and *Foltz*, the *Kamakana* decision reiterated that a protective order issued under the Rule 26(c) may

15   be issued once a particularized showing of good cause exists for preserving the secrecy of discovery

16   materials.  "Rule 26(c) gives the district court much flexibility in balancing and protecting the

17   interests of private parties."  447 F.3d at 1180.  The *Kamakana* court, therefore, held that a "good

18   cause" showing is sufficient to seal documents produced in discovery.  *Id.*

19          However, the *Kamakana* decision also held that a showing of "compelling reasons" is

20   needed to support the secrecy of documents attached to dispositive motions.  A showing of "good

21   cause" does not,

22   without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents

23   attached to dispositive motions.  *Id.*  The court found that:

24                 Different interests are at stake with the right of access than with
                   Rule 26(c); with the former, the private interests of the litigants are
25                 not the only weights on the scale.  Unlike private materials unearthed
                   during discovery, judicial records are public documents almost by
26                 definition, and the public is entitled to access by default.  (Citation
                   omitted).  This fact sharply tips the balance in favor of production
27                 when a document formally sealed for good cause under Rule 26(c)
                   becomes part of the judicial record.  Thus, a "good cause" showing
28                 alone will not suffice to fulfill the "compelling reasons" standard that

                                                      4

1                           a party must meet to rebut the presumption of access to dispositive
2                           pleadings and attachments.

3   *Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in

4   disclosure and justify sealing records exist when court records may be used to gratify private spite,

5   permit public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1179 (internal

6   quotations omitted).  However, "[t]he mere fact that the production of records may lead to a

7   litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

8   compel the court to seal its records."  *Id.*, *citing*, *Foltz*, 331 F.3d at 1136.  To justify sealing

9   documents attached to dispositive motions, a party is required to present articulable facts identifying

10  the interests favoring continuing secrecy *and* show that these specific interests overcome the

11  presumption of public access by outweighing the public's interests in understanding the judicial

12  process.  *Id.* at 1181 (internal citations and quotations omitted).

13          For all of the foregoing reasons,

14          **IT IS ORDERED:**

15          1.      No documents which are filed with the court as attachments to a summary judgment

16  or other dispositive motion, or documents which are identified in the joint pretrial order, may be

17  filed under seal unless the proponent seeking protected status of the document(s) establishes

18  "compelling reasons" to rebut the presumption of public access.

19          2.      Any party seeking to seal attachments to a motion for summary judgment or other

20  dispositive motion filed with the court, or documents which are identified in the joint pretrial order,

21  shall submit a separate memorandum of points and authorities which presents articulable facts

22  identifying the interests favoring continuing the secrecy of the attachments, and shows that these

23  specific interests outweigh the public's interests in disclosure sufficient to overcome the

24  presumption of public access to dispositive pleadings and attachments.

25          3.      Any application to seal documents attached to a motion for summary judgment or

26  other dispositive motion, or documents identified in the joint pretrial order, shall be served on

27  opposing counsel together with the documents proposed to be filed under seal.  Opposing counsel

28  shall have **fifteen (15) days** from service of any application to seal documents attached to a motion

for summary judgment or other dispositive motion, or documents identified in the joint pretrial order, in which to file a response.

**IT IS FURTHER ORDERED** that in regard to discovery and other non-dispositive motions, only those portions of the motion, response or reply pleadings which contain specific reference to the contents of confidential documents or information, and the exhibits which contain such confidential information, shall be filed under seal.  The remainder of the pleading and other exhibits, which do not contain confidential information, shall be filed as publicly accessible documents unless otherwise specifically ordered by the court.

DATED this 6th day of October, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge

6