UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDY RUSSO,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH LOPEZ,<br><br>    Defendant. | Case No. 2:11-cv-00284-PMP-GWF<br><br>**ORDER**<br><br>**Motion to Strike Certain Claims Appearing in Plaintiff's Amended Complaint (#55)** |

   This matter comes before the Court on Lopez's Motion to Strike Certain Claims Appearing in Plaintiff's Amended Complaint in Violation of Rule 15 (#55), filed on October 13, 2011; Plaintiff's Opposition to Defendant Lopez's Motion to Strike Certain Claims Appearing in Plaintiff's Amended Complaint (#59), filed on October 31, 2011; and Defendant's Reply in Support of Motion to Strike Certain Claims Appearing in Plaintiff's Amended Complaint in Violation of Civil Rule 15 (#67), filed on November 9, 2011.

   On August 31, 2011, the Court granted Lopez's Motion to Join Sierra Metals Southwest, LLC, as a Required Party Under Rule 19 and Russo's Countermotion to Join Aster Elements, LLC as a Required Party.  (*See* # 38.)  On September 29, 2011, Russo filed an Amended Complaint (#45) adding the newly joined parties.  The Amended Complaint also alleges two additional causes of actions against Lopez:  "Third Cause of Action - Breach of Implied Covenant of Good Faith and Fair Dealing - Tortuous Breach" and  "Twelfth Cause of Action - Fraudulent Misrepresentation." Lopez requests the Court strike the third and twelfth cause of action from Russo's Amended Complaint because they were added without seeking the court's leave in violation of Rule 15.  In response, Russo admits that the Amended Complaint (#45) does include a new claim for fraudulent misrepresentation against Lopez.  Russo however argues that the third cause of action is not a new

claim, but rather, Russo was merely flushing out his claim for breach of the implied covenant of good faith and fair dealing, alleging a contractual breach and a tortuous breach.

Pursuant to Rule 15, "a party may amend its pleading with the opposing party's written consent or the court's leave." Although courts have generally adopted a liberal standard in allowing parties to amend their pleadings, that does not allow parties to circumvent Rule 15 and amend their complaint without the Court's permission. In this case, Russo was permitted to amend his complaint to add the newly joined party. Russo did not seek the Court's leave to add new claims against Lopez. The Amended Complaint filed by Russo however added two new causes of action against Lopez. The Court therefore will strike the third and twelfth causes of action in Plaintiff's Amended Complaint because they were added without the Court's leave in violation of Rule 15.

Russo's argument that his third cause of action is not a new claim, but merely the flushing out of his previous cause of action for breach of implied covenant of good faith and faith dealing is without merit. Russo's original Complaint alleged a Second Cause of Action as Breach of Implied Covenant of Good Faith and Fair Dealing. Russo's Amended Complaint (#45) however alleges two separate causes of action for a Breach of Implied Covenant of Good Faith and Faith Dealing. The second cause of action alleges a contractual breach whereas the third cause of action alleges a tortuous breach. The claim for a tortuous breach alleges elements that were not originally alleged in the complaint, and therefore the third cause of action in the Amended Complaint is an additional claim brought against Lopez in violation of Rule 15. Accordingly,

**IT IS HEREBY ORDERED** that Lopez's Motion to Strike Certain Claims Appearing in Plaintiff's Amended Complaint in Violation of Rule 15 (#55) is **granted**. The third cause of action for "Breach of Implied Covenant of Good Faith and Fair Dealing - Tortuous Breach" and twelfth cause of action for "Fraudulent Misrepresentation" are hereby stricken from Plaintiff's Amended Complaint (#45).

DATED this 15th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge