UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDY RUSSO,  )
                          )
          Plaintiff,  ) Case No.  2:11-cv-00284-PMP-GWF
                          )
vs.                )  **ORDER**
                          )
JOSEPH LOPEZ,  ) **Motion to Compel Discovery - #63**
                          )
          Defendant.  )
_____  )

This matter is before the Court on Plaintiff's Motion to Compel Discovery and for Sanctions (#63), filed on November 1, 2011 Defendant's Opposition to Plaintiff's Motion to Compel (#75), filed on November 18, 2011; and Plaintiff's Reply to Defendant's Opposition (#82), filed on November 29, 2011.  The Court conducted a hearing in this matter on December 7, 2011.

**BACKGROUND AND DISCUSSION**

The factual background of this case is set forth in the Court's order (#88).  During the December 7, 2011 hearing, the Court denied Plaintiff's motion to compel responses to most of his requests for production on the grounds that they are over broad and irrelevant on their face. *See Marook v. State Farm Mutual Auto. Ins. Co.*, 259 F.R.D. 388, 394-95 (N.D.Iowa 2009), citing *Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2902621 at *1 (D.Colo 2008).  Although Defendant stated in his Opposition that he would be willing to search for and produce relevant documents if Plaintiff would tailor his requests to the matters in dispute, Plaintiff's counsel refused to do so.  Plaintiff argued that he is entitled to inspect all of Defendants' email communications or other documents for a given time period to make sure that relevant information is not withheld. Although relevancy under Rule 26(b) is liberally construed, Plaintiff's argument is contrary to the

language and spirit of Rule 26(b) and Rule 34.  Absent evidence that a party is intentionally withholding or refusing to search for relevant documents or information, there is no basis to order a party to produce all of its records for inspection, regardless of relevancy.

The Court took under advisement Plaintiff's motion to compel responses to his requests for documents from New Era Builders, Inc.  As discussed in Order (#88), Plaintiff Russo and Defendant Lopez were previously engaged in business with each other through Sierra Metals, Inc., a Nevada corporation.  In or about mid-2010, the parties began conducting separate architectural metal construction businesses, although they had not reached final agreement on the division of the assets of Sierra Metals, Inc.   Following the separation, Lopez conducted the business through a new Ohio corporation he formed– Sierra Metals, Inc. USA, which was later renamed Aster Elements, Inc.  Lopez also owns New Era Builders, Inc., an Ohio corporation.  In September 2010, Lopez withdrew $150,000 from the Las Vegas bank account of Sierra Metals, Inc. and deposited the funds into a bank account of  New Era Builders, Inc.  Lopez states that he did this to safe-keep the funds until the parties' respective rights to the assets of Sierra Metals, Inc. are determined.  Lopez produced a limited number of bank and accounting records for New Era Builders, Inc. to account for the transfer of the $150,000.

Russo, however, has requested (1) a complete electronic copy of the Quickbooks data files for New Era Builders, Inc. (Request No. 12); (2) all bank account records for New Era Builders, Inc. from January 1, 2010 through the present (Request No. 13); (3) a copy of all payroll reports for New Era Builders, Inc. from January 1, 2010 through the present (Request No. 14); and (4) a copy of all accounts payable and accounts receivable aging schedules for New Era Builders, Inc. from January 1, 2010 through the present (Request No. 15).  Lopez objected to these requests as irrelevant and unduly burdensome.  In support of his objections, Lopez states that New Era did not take over any jobs or projects of Sierra Metals, Inc., did not profit from the work of persons employed and paid by Sierra Metals, Inc., and is not even in the same line of construction business as Sierra Metals, Inc. or Sierra-Southwest– Russo's successor construction company.  Lopez also states that New Era Builders, Inc. is in the process of winding down its general contracting business and does not have any employees or independent contractors on its payroll.

Based on the information presently available to the Court, it appears since the parties' split, Mr. Lopez has conducted his part of the architectural metal construction business through Sierra Metals, Inc. USA and Aster Elements, Inc. Absent some evidence or reason to believe that Lopez has also conducted this business through New Era Builders, Inc., the Court agrees that Plaintiff's requests for production of documents from New Era Builders, Inc. are over broad and irrelevant. If Plaintiff develops some evidence or grounds to believe that assets of Sierra Metals, Inc., other than the $150,000, have, in fact, been transferred to New Era Builders, Inc., then a broader production of the books and records of New Era Builders, Inc. may become appropriate. Accordingly.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery and for Sanctions (#63) is **denied.**

DATED this 12th day of December, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge