# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANDY RUSSO,                          )
                              )
                 Plaintiff,        )    Case No.  2:11-cv-00284-PMP-GWF
                             )
vs.                                  )    **ORDER**
                             )
JOSEPH LOPEZ,                        )    **Motion for Protective Order (#97)**
                             )
               Defendant.         )
_____)

      This matter is before the Court on Defendant Joseph Lopez's Motion for a Protective Order Concerning Plaintiff's Fourth Request for Production of Documents Nos. 217-1009 and for Sanctions (#97), filed on March 26, 2012; Plaintiff Andy Russo's Opposition to Motion for a Protective Order (#98), filed on March 30, 2012; and Defendant's Reply in Support of Motion for Protective Order (#105), filed on April 13, 2012.  The Court conducted a hearing in this matter on April 26, 2012.

## BACKGROUND

      This case involves a dispute relating to the dissolution or attempted dissolution of the parties' jointly owned construction businesses, Sierra Metals, Inc. and Sierra Construction Services, Inc.  The parties' respective factual allegations are summarized in Order (#88), pgs. 1-4, filed on December 12, 2011.  That summary is incorporated into this order.

      Plaintiff Andy Russo previously filed a Motion to Compel Discovery and for Sanctions (#63) on November 1, 2011.  In that motion, Plaintiff sought an order overruling Defendant's objections to several requests for production and requiring him to produce documents responsive thereto.  Defendant had objected to the requests on the grounds that they were over broad, unduly

1    burdensome, irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

2    Efforts to resolve the dispute prior to a motion to compel were unsuccessful because Plaintiff's

3    counsel refused to narrow the scope of the requests.  Plaintiff's counsel argued at the December 7,

4    2011 hearing that he could not narrow the requests because this might result in Defendant not

5    producing relevant documents that were arguably outside the scope of more narrowly tailored

6    requests.  This argument was, of course, contrary to the requirement of Rule 26(b) which authorizes

7    discovery of any nonprivileged matter that is relevant to any party's claim or defense.  Although

8    relevancy is liberally construed, Rule 26(b) and Rule 34(b)(1)(A) do not permit a party to

9    sweepingly request all documents of a certain type to ensure that nothing relevant is left out.  The

10   Court therefore denied Plaintiff's motion to compel on the grounds that the requests for production

11   were over broad on their face.  *See Order (#89)*, pg. 1.

12        Plaintiff's counsel's response to the Court's order was to allegedly narrow the requests by

13   breaking them down into more specific requests for production.  To this end, Plaintiff served a 226

14   page Fourth Request for Production of Documents ("Fourth Request") on January 9, 2012.

15   *Defendant's Motion for Protective Order (#97), Exhibit 1*.  The Fourth Request contains an

16   additional 792 requests for production of documents–Nos. 217 through 1009.  (Plaintiff's counsel

17   stated at the hearing that he initially drafted 4,000 requests for production, but narrowed them down

18   to the 792 requests at issue in this motion.)

19        Defendant's counsel conducted a telephonic dispute resolution conference with Plaintiff's

20   counsel on March 22, 2012 in which he requested that Plaintiff withdraw the Fourth Request on the

21   grounds that the requests are over broad and unduly burdensome.  Plaintiff's counsel refused.

22   Alternatively, Defendant's counsel proposed that Plaintiff's counsel take the deposition of

23   Defendant Lopez in order to ascertain whether any of the requested documents even exist and that

24   Defendant's counsel would depose Plaintiff Russo for the same purpose.  Plaintiff's counsel

25   rejected this proposal.  Defendant's counsel asked whether Plaintiff's counsel had any proposal that

26   would be less burdensome on Defendant yet still provide information that Plaintiff's counsel

27   believes is needed for his case-in-chief.  Plaintiff's counsel offered no alternatives.  *Motion (#97),*

28   *pgs. 3-4, Declaration of Defendant's counsel and Exhibit 2, letter dated March 22, 2012.*

Plaintiff's counsel has not disputed the substance of Defendant's counsel's representations

regarding the dispute resolution conference.  Plaintiff's counsel argues, however, that the

deposition alternative offered by Defendant's counsel was not an adequate substitute to requiring

Defendant to respond to the Fourth Request for Production of Documents.

Plaintiff argues that the 792 requests for production are not over broad or unduly

burdensome.  In support of this argument, he states as follows:

> All 791 [sic] requests can be summarized as follows:
>
> Each and every document, electronic file, email, recording or any other material which comprises, evidences, summarizes, discusses, references and/or relates to ***communications between***
>
> **(1)** Joseph Lopez; **(2)** any officer, director, employee, independent contractor, agent and/or representative of Sierra Metals; **(3)** any officer, director, employee, independent contractor, agent and/or representative of Sierra Metals, Inc. USA; and/or **(4)** any officer, director, employee, independent contractor, agent and/or representative of Aster Elements, Inc. ***and***
>
> **(I)** Sierra Metals; **(ii)** Sierra Metals, Inc., USA; **(iii)** Aster Elements; **(iv)** any of the officers, directors, accountants, attorneys, employees, independent contractors, agents and/or representatives of the forgoing entities; or **(v)** any of the customers, clients, service providers, and/or vendors of the forgoing entities; or **(vi)** any of the general contractors and/or subcontractors of the forgoing entities; and/or **(vii)** Joseph Lopez ***regarding:***
>
>> **(a)** the formation of Sierra Metals, Inc. USA and Aster Elements, Inc. ***(Request Nos. 218-289)*** and their opening for business ***(Request Nos. 290-361)***;
>>
>> **(b)** Sierra Metals, Inc. changing to Sierra Metals, Inc. USA and/or Aster Elements. Inc. ***(Request Nos. 362-469);***
>>
>> **(c)** Sierra Metals, Inc. USA and/or Aster Elements, Inc. taking over and/or assuming work previously bid by, contracted by and/or performed by Sierra Metals, Inc. ***(Request Nos. 470-541);***
>>
>> **(d)** any announcement or reference that Sierra Metals, Inc. is operating as Sierra Metals, Inc. USA and/or Aster Elements, Inc. ***(Request Nos. 542-613)***, that Sierra Metals, Inc. is doing business as Sierra Metals, Inc. USA and/or Aster Elements, Inc. ***(Request Nos. 614-685)***; or that Sierra Metals, Inc. is transferring work to Sierra Metals, Inc., USA and/or Aster Elements, Inc. ***(Request Nos. 686-757);***
>>
>> **(e)** any announcement or reference that Sierra Metals, Inc. is no longer operating and/or conducting business, in Ohio or

3

anywhere else *(Request Nos. 758-794),* is winding down its business, its operations and/or as a company *(Request Nos. 795-829)*, or that Sierra Metals, Inc.'s offices and/or owners are separating *(Request Nos. 830-865)*;

**(f)** any disagreements or disputes between Russo and Lopez *(Request Nos. 866-901)*; and

**(g)** any discussions, negotiations and/or agreements between Russo and Lopez to wind down Sierra Metals *(Request Nos. 902-937)*, to separate the offices and/or operations of Sierra Metals *(Request Nos. 938-973)*, or to operate independently of each other *(Request Nos. 974-1009).*

*Opposition to Defendant Lopez's Motion for Protective Order (#98), pgs 9-10.*

The fact that Plaintiff's counsel was able to condense the requests into two pages of requested information apparently did not indicate to him that 792 separate requests for production are unnecessary.

**DISCUSSION**

Rule 26(c) of the Federal Rules of Civil Procedure states that the court may, for good cause, issue an order forbidding or limiting certain discovery in order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Rule 26(b)(2)(C) provides that on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The burden of persuasion under Fed.R.Civ.P. 26(c) is on the party seeking the protective order. *U.S. Equal Employment Opportunity Commission v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D.Nev. 2006), citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir.1986). In order to meet that burden, the movant must demonstrate a particular need for the protection sought. The rule requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* The movant must point to specific facts that support the request, "as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Id. citing Frideres v. Schlitz,*

4

1   150 F.R.D. 153, 156 (S.D.Iowa 1993), *citing Brittain v. Stroh Brewery Company,* 136 F.R.D. 408

2   (M.D.N.C.1991).  A mere showing that the discovery may involve some inconvenience or expense

3   does not suffice to establish good cause under Rule 26(c).  *Id. citing Turner Broadcasting System,*

4   *Inc. v. Tracinda Corporation,* 175 F.R.D. 554, 556 (D.Nev.1997).

5           Courts do not readily grant protective orders against an entire set of discovery requests on

6   the grounds that the number of requests is excessive.  In *Lurensky v. Wellinghoff*, 258 F.R.D. 27

7   (D.D.C. 2009), the plaintiff sued the defendant for employment discrimination based on her gender,

8   religion and disability.  The plaintiff, a *pro se* litigant, served 109 requests for production of

9   documents.  The defendant moved for a protective order on the grounds that the number of requests

10  were excessive on their face.  The plaintiff argued, however, that each request was relevant and

11  material to her causes of action and necessary to meeting her burden of proof.  In denying the

12  motion for protective order, the court first noted that Rule 34(b)(2)(B) plainly states that objections

13  to requests for production must be made on an individual basis.  The defendant's motion was an

14  attempt at a blanket objection to the requests as a whole, which was insufficient under the

15  framework of Rule 34.  Secondly, the court stated that the motion contained no specific facts

16  showing how responding to plaintiff's discovery requests would be unduly burdensome or

17  otherwise deserving of a protective order.  "Defendant simply relies on the fact that plaintiff's

18  request is 'facially excessive' as its evidence that the request is overly burdensome."  *Id.* 258

19  F.R.D. at 30.  "Absent a specific articulation of facts supporting its conclusion that plaintiff's

20  request is unreasonably cumulative, duplicative, or burdensome, the defendant has not proffered the

21  required good cause to support the issuance of a protective order."  *Id.*  Although the court denied

22  defendant's motion for protective order, it held that defendant was entitled to object to individual

23  requests on grounds of overbreadth, irrelevance, or undue burden.  Based on the number of requests

24  involved, the court also granted defendant additional time to serve objections and responses to the

25  individual requests.

26          This case is distinguishable from *Lurensky.*  First, the number of requests at issue in this

27  motion is substantially greater than those at issue in *Lurensky*.  Additionally, Plaintiff has already

28  served 216 requests for production on Defendant to which he has responded or objected on an

5

1    individual basis.  The Court has previously sustained some of those objections.  Secondly, the

2    requests are verbose and unnecessarily cumulative and duplicative.  Distinguishing between them is

3    not readily apparent.  As an example, Request No. 299 requests production of:

4              Each and every document, electronic file, email, recording or any
               other material which comprises, evidences, summarizes, discusses,
5              references and/or relates to communications occurring at anytime
               between August 1, 2009 through August 31, 2011, between any
6              officer, director, employee, independent contractor, agent and/or
               representative of Sierra Metals and Lopez related in any way to Sierra
7              Metals, Inc. USA opening for business.

8    *Motion (#97), Exhibit 1*, pg. 25.

9              Variations of this same basic request are contained in numerous other requests.  These

10   requests easily could have been condensed into one or two requests for all non-privileged

11   documents in Defendant's possession, custody or control that relate to the formation of Sierra

12   Metals, Inc. USA and Aster Elements, Inc. and their opening for business.[1]  *See e.g. Plaintiff's*

13   *Opposition (#98)*, pg. 10 (stating that Request Nos. 218-289 and 290-361 request documents

14   relating to the formation of Sierra Metals, Inc. USA and Aster Elements Inc. and their opening for

15   business).

16            This case involves a business dispute between two individuals regarding the operation of

17   their jointly owned construction business and whether they reached an agreement to divide the

18   jointly owned assets and to engage in separate businesses.  Defendant's counsel estimates that the

19   amount in controversy is between $500,000 and $600,000.  Plaintiff's counsel has not disputed that

20   estimate.  This is not a particularly complex business dispute that involves massive documents or

21   electronic evidence relating to numerous, distinct issues.  There is nothing to suggest that anything

22   close to a thousand requests for production are reasonably needed for Plaintiff to obtain all relevant

23   documents and information in the possession, custody and control of the Defendant.  Defendant's

24   counsel estimated at the hearing that it would cost $25,000 in attorney's fees to prepare responses

25   and objections to the 792 requests.  The Court has no reason to dispute the validity of that estimate.

26

27            [1]Sierra Metals, Inc. USA/Aster Elements, Inc. are corporations that Defendant allegedly
     formed during or as a result of the dispute between the parties and through which he has
28   subsequently engaged in the construction business.

6

Finally, Plaintiff's own opposition to the motion demonstrates that the subject documents and information could have been requested through a relatively few well crafted requests for production. The factors set forth in Rule 26(b)(2)(C) clearly support the entry of the protective order requested by Defendant.

Based on the discussion with the parties' counsel during the hearing, the Court will allow Plaintiff to serve a total of 25 separately numbered and well crafted requests for production based on the summary of the 792 requests at pages 9 and 10 of his Opposition (#98). No further requests for production pursuant to Rule 34 may be served by either party absent a written stipulation by parties or an order of the court entered upon good cause shown.

## DEFENDANT'S REQUEST FOR AN AWARD OF EXPENSES

Rule 26(c)(3) states that Rule 37(a)(5) applies to the award of expenses on a motion for protective order. Rule 37(a)(5)(A) provides that if the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party's attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The court may not order this payment if: (i) the movant filed the motion before attempting in good faith to resolve the dispute without court action, (ii) the opposing party's conduct or position was substantially justified, or (iii) other circumstances make an award of expenses unjust.

The Court finds that an award of expenses is required in this case. Defendant's counsel clearly attempted in good faith to resolve the dispute prior to filing the motion for protective order. Defendant's counsel offered an alternative method to resolve the dispute and, when that alternative was rejected, invited Plaintiff's counsel to suggest other alternatives. Plaintiff's counsel offered no reasonable alternatives. Instead, Plaintiff's counsel insisted that Defendant respond to the requests. For the reasons discussed above, Plaintiff's counsel's refusal to withdraw the 792 requests was unreasonable and was not substantially justified. There are no other circumstances that make an award of expenses unjust.

. . .

. . .

7

**CONCLUSION**

Based on the foregoing, Defendant has demonstrated good cause for the entry of a protective order pursuant to Rule 26(c) in regard to Plaintiff's Fourth Request of Production of Documents.  Defendant is also entitled to an award of expenses, including reasonable attorney's fees, pursuant to Rule 37(a)(5)(A).  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for a Protective Order Concerning Plaintiff's Fourth Request for Production of Documents Nos. 217-1009 and for Sanctions (#97) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff may serve a total of twenty-five (25) separately numbered and well crafted requests for production based on the summary of Plaintiff's requests for production at pages 9 and 10 of his *Opposition to the Motion for Protective Order (#98)*.  No further requests for production pursuant to Rule 34 may be served by either party, except pursuant to a written stipulation by parties or an order of the court for good cause shown.

**IT IS FURTHER ORDERED** that:

1.      Counsel for Defendant shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2.      Counsel for Plaintiff shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

. . .

3.      Counsel for Defendant shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 27th day of April, 2012.

_George Foley Jr._____
GEORGE FOLEY, JR.
United States Magistrate Judge

9