# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDY RUSSO, | ) |
| Plaintiff, | ) Case No. 2:11-cv-00284-PMP-GWF |
| vs. | ) **ORDER** |
| JOSEPH LOPEZ, | ) |
| Defendant. | ) |

This matter comes before the Court on Lopez's Amended Memorandum of Attorneys' Fees (#124), filed on May 8, 2012; Russo's Objection to Lopez's Memorandum (#127), filed on May 21, 2012; and Lopez's Reply (#133), filed on May 30, 2012.

## BACKGROUND

On March 26, 2012, Defendant Lopez ("Lopez") filed a Motion for Protective Order (#97) in response to the 792 requests for production that were served on him by Plaintiff Russo ("Russo"). Russo filed his Opposition (#98) on March 30, 2012 and Lopez filed his Reply (#105) on April 13, 2012. On April 26, 2012, the Court conducted a hearing on this matter wherein the Court granted Lopez's motion and awarded Lopez his attorney's fees and costs incurred in bringing the motion. The Court further ordered Lopez to submit a memorandum outlining the fees and costs incurred. Lopez now bring this Memorandum requesting reimbursement of $11,556.25. Russo objects to the requested fees, and urges the Court to only award attorneys' fees in the amount of $1,000.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of

reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Lopez requests a total of $11,556.25 in fees associated with bringing the Motion for Protective Order (#97). Lopez requests reimbursement of attorneys' fees at an hourly rate of $325.00 for the time of Daniel McNutt, Esq. and Hector Carbajal, Esq, and an hourly rate of $150.00 for the time of Jacklyn Varela, a paralegal. Russo however claims that a reasonable hourly rate in this matter is $300.00 per hour. After reviewing Lopez's Memorandum and the affidavit of Daniel McNutt, the Court finds that Lopez has offered sufficient evidence that the hourly rate of $325 is reasonable.

Mr. McNutt claims that he incurred a total of 10.25 hours in bringing the Motion for Protective Order (#97). Mr. McNutt claims that his time was spent on numerous telephone conferences, reviewing and finalizing the motion and reply, and preparing for and attending the hearing on this matter. The Court has reviewed the list of work performed by Mr. McNutt and finds all but one entry is appropriate and reasonable. On April 27, 2012, Mr. McNutt bills .25 hours for reviewing the Court's order. The Court's Order (#113) awarding fees does not extend to the time spent by counsel reviewing the Court's Order (#113) or drafting a memorandum for fees

and costs.[1]  The Court therefore finds that a reasonable amount of attorney's fees incurred by Mr. McNutt is $3,250.00

Mr. Carbajal submits that he incurred a total of 20 hours in bringing the motion. Specifically, Mr. Carbajal billed for researching, drafting and reviewing the motion and reply. Mr. Carbajal spent 6.5 hours drafting the motion, 2 hours reviewing Russo's opposition and 11.5 hours drafting the reply.  Considering the totality of the circumstances, the Court finds Mr. Carbajal's total billable hours are excessive.  The Court finds that 15 hours is a reasonable amount of time to spend preparing the motion and reply.  Therefore, a reasonable amount of attorney's fees incurred by Mr. Carbajal is $4,875.00.

Lopez further requests reimbursement for 11.5 hours incurred by a paralegal, Ms. Varela. The hours billed by Ms. Varela were spent reviewing each request for production and creating a list of duplicate requests.  Affording Russo the benefit of the doubt and given that the 792 requests were collectively unduly burdensome, the Court will not award Lopez fees for the total amount of time spent in having to review each request individually.  The Court finds that 5 hours is a reasonable amount of time for a paralegal to spend reviewing the requests for the purpose of bringing this motion.  The reasonable amount of fees incurred by Ms. Varela is therefore $750.00.

In sum, the Court will award attorneys fees to Lopez in the amount of $8,875.00.  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Russo is to pay Lopez the total sum of **$8,875.00**. Russo is further ordered to make full payment to Lopez by **Friday, June 29, 2012**.

DATED this 13th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Although Lopez does not request fees incurred in drafting this memorandum, Lopez implies that he could have sought reimbursement for such fees. (*See Reply (#133)* at 6)