1
2
3
4
5                        **UNITED STATES DISTRICT COURT**

6                              **DISTRICT OF NEVADA**

7

8    ANDY RUSSO,                                )
                                                )
9                        Plaintiff,             )      Case No.  2:11-cv-00284-PMP-GWF
                                                )
10   vs.                                        )      **ORDER**
                                                )
11   JOSEPH LOPEZ,                              )      Fourth Motion to Compel (#101)
                                                )
12                        Defendant.            )
     _____)
13

14           This matter comes before the Court on Plaintiff Andy Russo's Fourth Motion to Compel

15   Discovery and for Sanctions (#101), filed on March 12, 2012; Defendant Joseph Lopez's

16   Opposition to Plaintiff's Fourth Motion (#121), filed on May 4, 2012; Plaintiff's Reply (#125), filed

17   on May 4, 2012; and Plaintiff's Supplemental Reply (#136), filed on June 1, 2012.

18                              **BACKGROUND**

19           This case involves a dispute relating to the dissolution or attempted dissolution of the

20   parties' jointly owned construction businesses, Sierra Metals, Inc. and Sierra Construction Services,

21   Inc. ("SMI").  The parties' respective factual allegations are summarized in Order (#88), pgs. 1-4,

22   filed on December 12, 2011. That summary is incorporated into this order.

23           On August 31, 2011, the Court granted Defendant/Counterclaimant Lopez's motion to

24   compel Russo to produce documents or electronically stored information relating to the alleged

25   transfer and location of assets belonging to SMI.  As part of the order, the Court directed Russo to

26   produce for inspection Sierra Metals Southwest, Inc.'s electronic Quickbooks bookkeeping file

27   which allowed Lopez to determine what assets allegedly belonging to SMI have been transferred to

28   Sierra Metals Southwest, Inc. or Mr. Russo. *See Minutes of Proceeding (#37)*, August 30, 2011.

The Court also ordered production of documents relating to bank account statements and cancelled checks, payroll reports, and accounts payable and accounts receivable.  (*Id.*)  Russo originally objected to production of the Quickbooks file and other documents on the grounds that they contain trade secrets or confidential business information, including client lists, bid preparation documents and pricing information.  During the August 30th hearing, the Court directed the parties to submit a proposed protective order containing procedures for the protection of confidential, proprietary information.  *Id.*  On October 6, 2011, the parties filed a stipulated Protective Order (#51).  The Court granted the Protective Order, subject to amendments designated by the Court in an Amended Protective Order (#52).  The Court further issued an order designating the Quickbooks file as "attorney's eyes only." *See Order* (#88).

On April 12, 2012, Plaintiff Andy Russo filed this Motion to Compel Discovery and for Sanctions (#101), seeking essentially the same types of documents relating to Aster Elements that the Court previously ordered Russo to disclose as they relate to Sierra Metals Southwest.  Sierra Metals, Inc. USA/Aster Elements, Inc. are corporations that Defendant Lopez allegedly formed during or as a result of the dispute between the parties and through which he has subsequently engaged in the construction business.  On April 13, 2012, Russo filed his Second Amended Complaint (#106), which includes claims against Aster Elements ("Aster") for aiding and abetting breach of fiduciary duty, alter ego, and tortious interference with a contract.  On April 24, 2012, Lopez filed a Motion to Strike the Second Amended Complaint (#111), arguing that the amended complaint was untimely and contrary to the Court's Order.  On May 29, 2012, the Court denied Lopez's motion to strike.  *See Order* ( #128).  Shortly thereafter, the Court granted Russo leave to file a supplemental reply to Lopez's Opposition to address the impact the Court's ruling on the motion to strike has on the pending motion to compel. *See Order* (# 134).

Plaintiff's Motion to Compel requests the Court compel Lopez to respond to the following interrogatories and requests for production: 17, 20, 131-138, 140, 141, 153, 154, 157-159, 162, 163, 170, 170, 175, 176, 179, 180, 192, 195 and 203.  These requests generally seek documents and information relating to the past and present jobs of both Sierra Metals, Inc. USA and Aster; all employees, officers and directors of Aster since the companies' inception; all electronic copies of

the QuickBooks file for Aster; all bank account records and payroll reports;  all account receivable reports and accounts payable reports; all employee time sheets and job files for Aster; all reports that can be generated from the Onstrud Router; all documents related to any payments by Aster to Lopez; all 1099 invoices; and all insurance policies for Aster since May 1, 2007.  Russo claims that the requested documents are not only necessary to prove his claims against Aster, but to support the allegation that the parties agreed to separate effective March 1, 2010.

Lopez objected to these requests on the grounds that they were overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Lopez maintains that Russo has failed to demonstrate a need for all the types of documents requested.  Lopez contends that the claims against Aster for interfering with an operating agreement does not require the production of all of its bank records, Quickbook files and other related documents.  Lopez estimates that production of all the requested documents would be over 50,000 pages of discovery, in addition to the large volumes of documents previously produced.  Lopez argues that Russo has failed to show that any monies, assets or jobs were transferred from SMI to Aster Elements, and therefore Russo has failed to demonstrate a need for the requested discovery.

Lopez proposes a two-step approach to Russo's requests for discovery.  Lopez requests the Court order only a limited production of documents at this time, rather than allow Russo to conduct a fishing expedition based on their allegedly unfounded theory.  Lopez has offered to produce the following documents in response to Plaintiff's discovery requests: 1) a list of all employees, officers and directors from its creation to August 31, 2011; 2) a list of all projects and jobs from anytime between January 1, 2007 and August 31, 2011; 3) all payroll from January 1, 2010 through August 31, 2011; 4) all accounts payable from January 1, 2010 through August 31, 2011; and 5) all accounts receivable reports from January 1, 2010 through August 31, 2011.  Lopez states that this limited production will allow Russo to explore his theory against Aster without requiring such an expansive production of documents.  If after Russo has reviewed the documents and can allege a valid foundation for his theory against Aster, Lopez proposes that the parties can then discuss further production.

. . .

3

1    In response to Lopez's claim that Russo has failed to provide any evidence to support his

2  theories against Aster, Russo points to jobs that were originally SMI's projects that were taken over

3  by Aster.  Specifically, Russo identifies the Cleveland Museum and Clinic Foundation,  the

4  University Hospital Parking Garage Canopy and the Eaton Headquarter jobs, which Russo alleges

5  were originally SMI's projects.  Russo points to Aster's website and various invoices to support this

6  assertion.  *See Russo's Reply* (#125) at Exhibits 32, 33 and 34.  Russo alleges that Lopez caused

7  Aster to take over these projects and that Lopez caused SMI to pay for invoices and expenses of

8  Aster.  In support of this argument, Russo points to an invoice that allegedly indicates that SMI paid

9  $201.91 for business cards for Aster Elements.  *See Russo's Reply* (#125), Exhibit 41.  Russo claims

10  that this showing is sufficient to support the production of all the requested discovery.  Russo

11  further contends that because Aster is now a party to this action, Russo is entitled to the same

12  production of documents, including Aster's Quickbooks files, that he was previously ordered to

13  produce as it related to Sierra Metals Southwest.

14                                    **DISCUSSION**

15    Under Rule 26(b)(1), discovery is allowed in civil actions to the extent that it is not

16  privileged, is relevant and relates to the claims or defenses asserted by the plaintiff.  Fed.R.Civ.P.

17  26(b)(1); *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 378 (E.D.Cal. 2009).  "However, the scope

18  of discovery under the federal rules is not boundless; the requests must be relevant and cannot be

19  unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit."

20  *Jackson v. Montgomery,* 173 F.R.D. 524, 526 (D.Nev. 1997).  This Court has broad discretion when

21  it determines what the scope of discovery should be and to what extent discovery is burdensome.

22  *Jackson*, 173 F.R.D. at 526; *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 696 (D.

23  Nev. 1994).

24    Russo and Lopez created and/or began operating their own companies in or around March

25  of 2010.  Russo and Lopez have alleged similar claims against each other regarding the unlawful

26  transfer of monies, assets and jobs from SMI to their respective companies.  Based on this theory,

27  the Court originally granted Lopez broad discovery into Russo's company, Sierra Metals Southwest.

28  It is therefore consistent and proper that the Court allow Russo the same discovery into Aster.  The

4

1   Court previously ordered Russo to produce the Quickbooks accounting files, bank statements and

2   canceled checks, payroll reports and accounts payable and receivables reports. *See Minutes of*

3   *Proceedings* (#37).

4          Lopez has no objection to producing the payroll reports and the accounts receivable and

5   accounts payable reports.  The main contention between the parties appears to be the disclosure of

6   the Quickbooks accounting files and bank records.  The Court finds no reason to preclude the

7   production of either the Quickbooks files or the bank records.  The Court will therefore require

8   disclosure of Aster's Quickbooks accounting files, subject to the Protective Orders (#51 and #52)

9   and the Court's Order (#88) designating the file as "attorney's eyes only."

10         Lopez estimates that Russo is requesting in excess of 50,000 pages of documents, and the

11  Court has no reason to doubt that estimate.  Lopez's overbroad and unduly burdensome objections

12  can be addressed by limiting Russo's request to those categories the Court originally ordered Russo

13  to disclose.  The Court will further limit the scope of the documents and information to be produced

14  from January 1, 2010 until August 31, 2011.  This time period is consistent with the Court's

15  previous order and will allow Russo access to approximately a year and a half of documents and

16  information to use in substantiating his claims against Aster.  Production of the Quickbooks

17  accounting files, bank statements and related records, payroll reports and accounts payable and

18  receivables reports should provide Russo with a complete picture of Aster's business operations,

19  while limiting any potential burden to Lopez.  Accordingly,

20         **IT IS HEREBY ORDERED** that Plaintiff Andy Russo's Fourth Motion to Compel

21  Discovery and for Sanctions (#101) is **granted** in part and **denied** in part.  Lopez shall provide the

22  following documents to Russo not later than **July 27, 2012**:

23         (1)    A copy of Aster Elements' electronic Quickbooks accounting files since January 1,

24                2010 through August 31, 2011.  The production of this file shall be designated

25                "attorney's eyes only" in accordance with the Protective Orders (#51 and #52) and

26                the Court's Order (#88).

27  . . .

28  . . .

5

(2)    A copy of all bank account records of Aster Elements from January 1, 2010 through August 31, 2011, including, but not limited to bank statements, cancelled checks, deposit tickets, wire confirmations, or other account related documents.

(3)    A copy of all quarterly and year-end payroll reports for Sierra Metals, Inc. USA and Aster Elements, Inc. for period from January 1, 2010 through August 31, 2011.

(4)    A copy of all quarterly and year-end accounts payable aging schedule for Sierra Metals, Inc. USA and Aster Elements, Inc. for the period from Janaury 1, 2010 through August 31, 2011.

(5)    A copy of all quarterly and year-end accounts receivable aging schedules for Sierra Metals, Inc USA and Aster Elements, Inc. for the period from January 1, 2010 through August 31, 2010.

DATED this 3rd day of July, 2012.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

6