1
2
3
4
5

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

6
7
8   ANDY RUSSO,                                )
                                               )
9                     Plaintiff,               )        Case No.  2:11-cv-00284-PMP-GWF
                                               )
10   vs.                                       )        **ORDER**
                                               )
11   JOSEPH LOPEZ,                             )        Motion for Protective Order (#150)
                                               )        Motion to Compel (#152)
12                     Defendant.              )
    _____)
13

14        This matter comes before the Court on Plaintiff's Emergency Motion for Protective Order

15   (#150), filed on August 14, 2012; Defendant's Response to Motion for Protective Order (#159),

16   filed on August 22, 2012; Plaintiff's Reply (#157), filed on August 23, 2012; Defendant's Motion to

17   Compel Production of Documents (#152), filed on August 15, 2012; and Plaintiff's Response

18   (#160), filed on August 22, 2012.

19        The Court conducted a hearing on this matter on August 27, 2012.  Also before the Court at

20   the hearing was Defendant's Motion to Strike Plaintiff's Motion for Protective Order (#157).  The

21   Court issued a written order following the hearing.  *See* Order (#167).  The Court found Plaintiff's

22   Motion for Protective Order properly before the Court and ordered production of all documents

23   responsive to Defendant's subpoena relating to Sierra Metals, Inc., Sierra Construction Services and

24   Sierra Metals Southwest, LLC.  *See* Order (#167).  The Court held in abeyance a decision on

25   production of documents relating to Andy Russo Jr. LLC, and now addresses that issue.

26        Defendant Lopez argues that the Court should compel production of documents and records

27   relating to Plaintiff Russo's Ohio company, Any Russo Jr. LLC ("ARJ").  Lopez claims that Russo

28   used both Sierra Metals Southwest and ARJ to misappropriate and conceal assets of Sierra Metals

1  Inc. ("SMI") from Lopez.  Lopez states that Russo submitted a  job proposal in 2010 with the

2  heading "Sierra Metals d.b.a. ARJ, Inc," while referencing the contractor's license and address of

3  SMI.  Lopez also points to the fact that after Russo obtained the McCarran contract in the name of

4  SMI, he amended the contract to substitute "Andy Russo Jr. d.b.a. ARJ, Inc," in place of SMI.

5  Lopez argues the instances above support the allegation that Russo used ARJ to misappropriate and

6  conceal assets from SMI.  Lopez therefore requests the production of the same four categories of

7  financial records that the other corporate parties have produced in this case including (1) a copy of

8  the Quickbooks accounting file for ARJ; (2) bank account statements and related records of ARJ;

9  (3) payroll reports of ARJ; and (4) accounts payable and accounts receivable reports of ARJ.

10      Russo however argues that the documents Lopez seeks are irrelevant to the present dispute

11  and are sought for the purpose of harassment.  Russo argues that there is no evidence to support that

12  he used ARJ to misappropriate assets from SMI.  Russo states that in both instances cited by Lopez,

13  Russo was forced to have ARJ take over the projects because Lopez refused to allow SMI to work

14  on new projects and/or obtain the necessary bonding to complete the projects.  Russo further claims

15  that Lopez was informed in May of 2010 that ARJ substituted in on the McCarran project and never

16  objected to the substitution until this instant litigation.  Russo therefore argues that the production of

17  any documents related to ARJ is not warranted because ARJ is not a party to this action, the

18  documents requested are irrelevant and there is no evidence to support that Russo used ARJ to

19  misappropriate assets from SMI.  Russo therefore requests the Court enter a protective order

20  precluding the production of documents related to ARJ.

21                                                **DISCUSSION**

22      Rule 26(c) authorizes the issuance of a protective order, upon a showing of good cause, to

23  protect a party from annoyance, embarrassment, or oppression.  While generally a party may not

24  seek to quash or modify a subpoena directed to a nonparty, a party does have standing to quash or

25  modify the subpoena where the subpoena may violate or undermine a personal right or privilege of

26  the objecting party. 9–45 Moore's Federal Practice—Civil § 45.50[3]; *see also In re Rhodes*

27  *Companies, LLC*, 2012 WL 1512509 (D. Nev. 2012) and *1st Technology LLC v. Rational*

28  *Enterprises Ltd.*, 2007 WL 5596692 (D. Nev. 2007) ("The courts generally hold that a party has a

1  personal right or stake where the subpoena seeks personal information such as the party's bank

2  records and the party has grounds to object to the relevancy of the records."). "If a court finds a

3  particularized harm will result from disclosure of information to the public, then it balances the

4  public and private interests to decide whether a protective order is necessary." *Rivera v. NIBCO,*

5  *Inc.*, 364 F.3d 1057, 1063–64 (9th Cir. 2004) (quoting *Phillips ex rel. Estates of Byrd v. GMC*, 307

6  F.3d 1206, 1210–11 (9th Cir. 2002)). The law confers "broad discretion on the trial court to decide

7  when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen.*

8  *Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S.

9  20, 38 (1984)). "[T]he party seeking protection bears the burden of showing specific prejudice or

10  harm will result if no protective order is granted." *Id.* at 1210–11 (citations omitted).

11  Based on the evidence presently before the Court, there is insufficient evidence to support

12  Lopez's assertions that Russo used ARJ to misappropriate and/or conceal assets from SMI.  Further,

13  ARJ is not a party to this action, and the Court will not compel a non-party entity, who is in direct

14  competition with Lopez, to produce its Quickbook files and other financial records absent some

15  evidence that the records are relevant to this litigation.  The Court finds that Lopez's subpoenas for

16  production of documents from ARJ are over broad and irrelevant.  The Court however finds that

17  documents relating to any jobs or projects that ARJ took over from SMI are relevant and should be

18  disclosed.  The Court therefore orders the production of any documents, including but not limited to

19  contracts, work orders, invoices and payment records, in the possession, custody and control of ARJ

20  that relate to any projects or jobs that ARJ took over from SMI.  The Court will deny Defendant's

21  Motion to Compel (#152) as to all other requests and enter a protective order precluding the

22  production of ARJ's Quickbook files and other financial records.  All requests for sanctions are

23  denied.  Accordingly,

24  **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Protective Order (#150) is

25  **granted**.

26  **IT IS FURTHER ORDERED** that Defendant's Motion to Compel (#152) is **granted in**

27  **part and denied in part** to the extent that ARJ shall produce any documents, including but not

28  limited to contracts, work orders, invoices and payment records, in its possession, custody and

control that relate to any projects or jobs that ARJ took over from SMI.  Defendant's Motion to

Compel (#152) is **denied** as to all other requests.

DATED this 5th day of September, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

4