UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDY RUSSO, | |
|         Plaintiff, | Case No. 2:11-cv-00284-PMP-GWF |
| vs. | **ORDER** |
| JOSEPH LOPEZ, | **Motion to Reconsider (#145)** |
|         Defendant. | |

This matter comes before the Court on Plaintiff Andy Russo's ("Plaintiff") Motion for Partial Reconsideration (#145), filed on July 17, 2012. Defendant Joseph Lopez ("Defendant") filed a timely Opposition (#147) on August 3, 2012. Plaintiff filed a timely Reply (#156) on August 20, 2012. The Court conducted a hearing on this Motion on September 27, 2012.

**BACKGROUND**

This case involves a dispute relating to the dissolution or attempted dissolution of the parties' jointly owned construction businesses, Sierra Metals, Inc. and Sierra Construction Services, Inc. (jointly, "SMI"). The parties' respective factual allegations are summarized in the Court's Order (#88 at 1-4), filed on December 12, 2011. That summary is incorporated into this Order.

On April 12, 2012, Plaintiff filed his fourth Motion to Compel (#101) in which Plaintiff sought an order compelling Defendant to provide the information requested in two interrogatories under Federal Rule of Civil Procedure ("FRCP") 33 and twenty-eight requests for production under FRCP 34. In its July 3, 2012 Order (#141), the Court granted Plaintiff's Motion (#101) with respect to eight of Plaintiff's requests under FRCP 34. The Court found the balance of the requests were overly broad, and denied Plaintiff's Motion (#101) as to the other requests set forth therein.

Plaintiff now moves the Court to reconsider its denial of Plaintiff's Motion as regards FRCP 34 Requests numbered 140, 141, 153, 154, 157, 158, 159, 160, 179, and 180.

## DISCUSSION

Under Rule 26(b)(1), discovery is allowed in civil actions to the extent that it is not privileged, is relevant, and relates to the claims or defenses asserted by the plaintiff. Fed.R.Civ.P. 26(b)(1); *Duran v. Cisco Systems, Inc.*, 258 F.R.D. 375, 378 (E.D.Cal. 2009). "However, the scope of discovery under the federal rules is not boundless; the requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit." *Jackson v. Montgomery,* 173 F.R.D. 524, 526 (D.Nev. 1997). This Court has broad discretion when it determines what the scope of discovery should be and to what extent discovery is burdensome. *Jackson*, 173 F.R.D. at 526; *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 696 (D. Nev. 1994).

**a.     Plaintiff's Requests 140 and 141**

Plaintiff's Requests 140 and 141 seek production of all timesheets for all employees of Sierra Metals, Inc. USA/Aster Elements, Inc. ("Aster") from January 1, 2010 to the present. In Defendant's Opposition (#147), Defendant agreed to produce Aster's timesheets for the 2010 calendar year. Because Plaintiff alleges the parties agreed to separate on March 1, 2010, the Court finds it is proper for Defendant to produce the Aster timesheets from January 1, 2010 to December 31, 2010.

**b.     Plaintiff's Requests 153, 154, 157, and 158**

Plaintiff's Requests 153 and 157 seek production of "all job files for all projects which were bid under the name" Sierra Metals, Inc. USA or Aster Elements, Inc. Plaintiff's Requests 154 and 158 seek production of "all job files for all projects in which any invoices, change orders, payments, or other project-related documents were issued" to Sierra Metals, Inc. USA or Aster Elements, Inc. Plaintiff asserts that these documents are relevant because they may support Plaintiff's contention that the parties reached a dissolution agreement on March 1, 2010 by demonstrating Defendant began directing projects to his own discrete business entities on or after that date.

. . .

The Court agrees to a limited extent. As submitted in Plaintiff's Motion (#145), the requests are overly broad because they would require production of job files for projects SMI never controlled. Job files for projects that originated with Aster would be irrelevant in the instant suit. The Court finds, however, it is appropriate for Defendant to produce all relevant requested documents relating to those projects which were originally SMI's but were taken over by Aster.

### c.   Plaintiff's Requests 159 and 160

Plaintiff's Request 159 seeks production of "all reports generated or which can be generated by the Onstrud Router" for which the Onstrud Router ("Router") was used from May 1, 2007 until the present. Plaintiff's Request 160 seeks production of "all programs, jobs, projects, files, and tasks" wherein the Router "or other related electronic fabrication equipment, located in [SMI's] Ohio office," was used from May 1, 2007 until the present. Plaintiff asserts the requested documents may demonstrate that Defendant utilized the Router, an asset of SMI, for Aster projects.

The parties dispute the capacity of the Router system to retain and produce project information entered into it at the time of job performance. The Court finds any such producible documents are relevant only between the dates of January 1, 2010 and August 31, 2011. Therefore, insofar as they are readily accessible under FRCP 34, Defendant shall produce the documents sought in Plaintiff's Requests 159 and 160 between the appropriate dates. If, as Defendant claims, the Router does not retain the desired records or production of such records would be overly burdensome, Defendant shall provide the Court with appropriate documentation demonstrating such inaccessibility or burden.

### d.   Plaintiff's Requests 179 and 180

Plaintiff's Requests 179 and 180 seek production of "any and all past and present insurance policies" for Aster and/or its employees effective "at any time since May 1, 2007." Plaintiff contends that such production may demonstrate that Defendant caused SMI to purchase insurance for Aster projects, and therefore support Plaintiff's claim of dissolution. The Court finds that a request for all "insurance policies" for the last five years is overly broad. It is proper, however, for Defendant to provide the declaration pages and certificates of insurance and/or additional insured endorsements for relevant policies between January 1, 2010 and August 31, 2011. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Andy Russo's Motion for Partial Reconsideration of This Court's July 3, 2012 Order (#145) is **granted** in part and **denied** in part. Defendant Joseph Lopez shall provide the following documents to Plaintiff Andy Russo no later than **October 22, 2012**:

(1) All timesheets for all employees of Aster Elements, Inc. and Sierra Metals, Inc. USA for the 2010 calendar year;

(2) Any and all job files for all projects that originally belonged to Sierra Metals, Inc. and which were bid or contracted under the name of Aster Elements, Inc. or Sierra Metals, Inc. USA;

(3) Any and all job files for all projects that originally belonged to Sierra Metals, Inc. in which any invoices, change orders, payments or other project-related documents were issued to Aster Elements, Inc. or Sierra Metals, Inc. USA;

(4) All readily accessible reports generated or which can be generated by the Onstrud Router showing all programs, jobs, projects, files, and/or tasks which utilized the Onstrud Router between January 1, 2010 and August 31, 2011;

(5) All readily accessible programs, jobs, projects, files, and tasks, in .pdf format, wherein the Onstrud Router or other related electronic fabrication equipment, located in Sierra Metals, Inc.'s Ohio office, was utilized between January 1, 2010 and August 31, 2011;

(6) Any and all declaration pages and certificates of insurance and/or additional insured endorsements for insurance policies of Aster Elements, Inc. and Sierra Metals, Inc. USA between January 1, 2010 and August 31, 2011.

DATED this 12th day of October, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge