UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDY RUSSO,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSEPH LOPEZ,<br><br>                Defendant. | Case No.  2:11-cv-00284-PMP-GWF<br><br>**ORDER**<br><br>**Application to Intervene - #173** |

   This matter is before the Court on Continental Casualty Company and Valley Forge Insurance Company's (collectively "CNA") Application to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2) (#173), filed on October 1, 2012.  Plaintiff Andy Russo filed an Opposition to the Application to Intervene (#175) on October 18, 2012 and Defendant Joseph Lopez filed a Joinder to Plaintiff's Opposition (#176) on October 18, 2012.  Continental Casualty Company and Valley Forge Insurance Company filed a Reply to the Opposition (#183) on October 29, 2012.

**BACKGROUND**

   This case involves a dispute between Plaintiff Andy Russo and Defendant Joseph Lopez relating to the dissolution or attempted dissolution of their jointly owned construction businesses, Sierra Metals, Inc. and Sierra Construction Services, Inc.  The parties' factual allegations are summarized in Order (#88), filed on December 12, 2011. Beginning in early 2010, Mr. Russo and Mr. Lopez attempted, but were unable, to reach a written agreement regarding the dissolution of the jointly owned businesses.  However, they each began operating separate construction businesses in the middle to latter part of 2010.  Mr. Russo formed and began doing business under the name

1  Sierra Metals Southwest, LLC.  Mr. Lopez formed and began doing business under the name Sierra
2  Metals, Inc. USA and later as Aster Elements, Inc.  Mr. Russo and Mr. Lopez have accused each
3  other of misappropriating the assets and business opportunities of  Sierra Metals, Inc. and Sierra
4  Construction Services, Inc.

5        CNA's proposed complaint in intervention alleges that Continental Casualty Company
6  ("Continental") issued a policy of worker's compensation insurance to Sierra Metals, Inc. and its
7  related companies that was in effect from August 31, 2009 to August 31, 2010.  *Application to*
8  *Intervene (#173), Exhibit A.*  The worker's compensation policy was renewed through August 31,
9  2012, but the renewal was cancelled effective October 25, 2011.  The proposed complaint also
10 alleges that Continental issued a commercial package insurance policy to Sierra Metals, Inc. that
11 was in effect from August 31, 2009 to August 31, 2010.   The commercial policy was renewed by
12 Valley Forge Insurance Company ("Valley Forge") through August 31, 2011.  The proposed
13 complaint alleges that Sierra Metals, Inc. owes $19,584.78 for premiums due on the worker's
14 compensation policy and owes $3,127.71 for premiums due on the commercial package insurance
15 policy, for a total of $22,893.49.  CNA alleges that it has repeatedly demanded payment from the
16 proposed Defendants but that they have refused to pay.  The proposed complaint alleges causes of
17 action against proposed Defendants Sierra Metals, Inc., Sierra Metals Southwest, LLC and Aster
18 Elements, Inc. for breach of contract, unjust enrichment, account stated, quantum meriut, piercing
19 the corporate veil against Sierra Metals Southwest, successor liability against Sierra Metals
20 Southwest, de facto merger against Sierra Metals Southwest, piercing the veil against Aster
21 Elements, successor liability against Aster Elements and de facto merger against Aster Elements.

## DISCUSSION

23       CNA moves to intervene in this action as of right pursuant to Rule 24(a)(2) of the Federal
24 Rules of Civil Procedure which provides as follows:

25       On timely motion, the court must permit anyone to intervene who:
26       (2)    claims an interest relating to the property or transaction that is
the subject of the action, and is so situated that disposing of
27            the action may as a practical matter impair or impede the
movant's ability to protect its interest, unless existing parties
28            adequately represent that interest.

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006), states that an applicant for intervention as of right under Rule 24(a)(2) must demonstrate that (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.  Although the party seeking to intervene has the burden of proving the four elements, the requirements for intervention are broadly interpreted in favor of intervention. *Id.*

Plaintiff Russo, joined by Defendant Lopez, contests CNA's application on three of the four grounds set forth in *Prete*.  Russo argues that the application is not timely filed, that CNA does not have a significant protectable interest relating to property or transaction that is the subject of this action, and that the disposition of this action will not impair or impede CNA's ability to protect its interest in recovering the allegedly due premiums.

### 1. **Timeliness of the Application.**

Three factors should be evaluated in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to other parties; and (3) the length of the delay. *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002), citing *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).  If the motion to intervene is not timely made, then the court need not address any of the remaining elements. *Id.*

Plaintiff Russo argues that CNA's application to intervene is untimely because it was filed two years after this lawsuit was commenced and comes near the end of discovery which closes on December 26, 2012. *See Scheduling Order (#130)*.  CNA argues, however, that the outstanding debt did not become due until February 2012 and that since that time "it has made every effort to resolve the issues by working with Mr. Russo and Mr. Lopez." *Application (#173)*, pg. 3.  CNA states that at Russo's and Lopez's request it "divided and apportioned the outstanding premium using various dates and employee locations multiple times so that each could pay their 'share.'" *Id.*  CNA further states that it was only in July 2012 that Russo and Lopez made it clear that neither of

3

them could agree to pay their respective share of the debt because they each claim that the other is fully responsible for its payment. CNA therefore asserts that it filed its application to intervene "as soon as practicable after determining that an amicable resolution was not possible." *Id.* pg. 4.

Mr. Russo and Mr. Lopez do not dispute CNA's representations regarding when the premiums came due or CNA's efforts to resolve the claim with them up through July of this year. Although it can be argued that CNA should have filed its motion to intervene in July or August, the principal question regarding timeliness is whether Russo or Lopez will be prejudiced by additional discovery and delay if CNA is allowed to intervene. Russo argues that most of the discovery in this case will have been completed by the time the parties answer CNA's complaint in intervention. Russo also argues that the proposed complaint "contains ten complex and fact intensive causes of action . . . all of which are directed primarily, if not exclusively, at [Sierra Metals, Inc.] who is not a party to the present lawsuit." *Opposition (#175)*, pg. 4. CNA states, however, that it anticipates that minimal, if any, discovery specific to its claims will be needed and that it expects that the parties have likely already exchanged the necessary documents. *Application (#173)*, pg. 4. CNA further states that it will work within the discovery deadlines and it will not cause undue burden on the parties in completing any necessary discovery. *Reply (#183)*, pg. 5

The Court disagrees with Russo's argument that CNA's proposed causes of action are so complex or fact intensive as to result in undue delay if CNA is permitted to intervene. The determination of the amount of unpaid insurance premiums owed by Sierra Metals, Inc. should be relatively simple. This case involves a dispute between Russo and Lopez, and their respective companies, over the corpus of Sierra Metals, Inc., including to what extent they or their respective companies are liable for its debts. The outcome of that dispute will likely determine the liability of Sierra Metals Southwest, LLC and Aster Element, Inc. to CNA. The parties in this action will therefore not be prejudiced if CNA is allowed to intervene in this action.

**2.      Remaining Elements.**

The Court also finds that CNA has met its burden to show that it has significant protectable interest relating to the transaction that is the subject of this action and that the disposition of this action may, as a practical matter, impair or impede CNA's ability to protect its interest. Again,

CNA seeks to recover unpaid premiums allegedly owed to it by Sierra Metals, Inc. This action concerns the respective rights and liabilities of Russo and Lopez, and their companies, in the assets and debts of Sierra Metals, Inc. CNA's ability to recover the amounts owed to it by Sierra Metals, Inc. will likely be impeded until there is a resolution of the parties' respective rights and obligations in this lawsuit. Finally, although not contested by Russo and Lopez, neither party in this action will adequately represent CNA's interest in determining whether and in what amount Sierra Metals, Inc. is indebted to CNA.

## CONCLUSION

Based on the foregoing, the Court concludes that CNA has met its burden under Rule 24(a)(2) to intervene as of right in this action for purposes of pursuing recovery of unpaid insurance premiums allegedly owed to it by Sierra Metals, Inc. and for which Sierra Metals Southwest, LLC and Aster Elements, Inc. may be legally liable. Accordingly,

**IT IS HEREBY ORDERED** that Continental Casualty Company and Valley Forge Insurance Company's Application to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2) (#173) is **granted.**

DATED this 6th day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge